**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | | |
|---|---|---|
| **TONI JONES** | * | |
| *Plaintiff,* | * | |
| **v.** | * | |
| **WESTMOUNT ASSET MANAGEMENT, INC.** | * | **Civil Action No.** 8:24-cv-2296 |
| | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant Westmount Asset Management, Inc. ("Westmount"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of Maryland for Montgomery County to the United States District Court for the District of Maryland. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because (1) there is complete diversity between the named parties, and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support thereof, Westmount states as follows:

## BACKGROUND

1. On or about May 21, 2024, Plaintiff Toni Jones ("Jones"), who is proceeding *pro se,* commenced this action by filing a Complaint in the Circuit Court of Maryland for Montgomery County styled, *Toni Jones v. Westmount Asset Management*, Case No. C-15-CV-24-002533.

2. On July 9, 2024, Westmount, the sole Defendant, was served with a Writ of Summons, Notice of New Case Number, Scheduling Order, the Complaint, Civil – Non-Domestic

Case Information Sheet, and additional documents that are not labeled as "exhibits" but appear to be included as purported support for the allegations alleged in the Complaint.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 103.5, a copy of the current state court docket sheet is attached as Exhibit 1 and separately tabbed copies of all pleadings served upon Westmount are attached as Exhibits 2 – 8.

3.      Jones has sued Westmount for alleged "[f]ailure to pay earned income/salary, invoices, expenses report and damages."  *See* Exhibit 6 (Complaint).  Jones also may be alleging tort claims for defamation, fraud, negligence, breach of contract, and fraud and/or debt related to an alleged contract (it is not clear from the face of the Complaint).  Westmount bases this assertion on the Civil – Non-Domestic Case Information Sheet that Jones filed with the Complaint in this action.  *See generally* Exhibit 7.

4.      Jones is a citizen of the State of Maryland.  According to the Complaint, Jones is currently homeless, but her last forwarding address is 11235 Oak Leaf Drive, Apt. B, Silver Spring, Maryland 20901.

5.      Pursuant to 28 U.S.C. § 1332(c)(1), Westmount is a citizen of California.  Westmount is incorporated in California and its principal place of business is in California.  The Complaint correctly identifies Westmount's principal place of business as 2049 Century Park East, Suite 2500 Los Angeles, CA 90067.  *See* Exhibit 6.

6.      Pursuant to the Civil – Non-Domestic Case Information Sheet, Jones's damages are "[o]ver $100,000," and she is specifically seeking $555,000 in lost wages.  *See* Exhibit 7.

### NOTICE TO PLAINTIFF

7.      Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, Westmount will serve written notice of removal on Jones at her last known address and

file a copy of this Notice of Removal with the Clerk of the Circuit Court for Montgomery County, Maryland.

## TIMELY REMOVAL

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it is being filed within thirty days of July 9, 2024, the date on which Westmount received the Complaint through service of Summons and a copy of the Complaint and all other documents. This Notice of Removal is also filed within one year of the commencement of this action on May 21, 2024, and is thus also timely pursuant to 28 U.S.C. § 1446(c)(1).

## BASIS FOR REMOVAL

9.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs.  Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

10.      Jones is a citizen of the State of Maryland.  Generally, "for purposes of diversity jurisdiction, an individual is a citizen of the state where the person is domiciled, which requires physical presence coupled with an intent to make the state a home." *Berrios v. Keefe Commissary Network, LLC*, Civil Action No. TDC-17-0826, 2018 U.S. Dist. LEXIS 208290, at *6 (D. Md. Dec. 10, 2018).  While Jones has alleged that she is currently homeless and living in a hotel, she has resided in Maryland. *See* Exhibit 6.  According to the Complaint, her last "forwarding address" is 11235 Oak Leaf Drive, Apt. B1920, Silver Spring, Maryland 20901. *See id.*  Moreover, the Complaint alleges that Jones was in contact with "MD Unemployment," and was set to receive "lifetime loss of unemployment benefits," from the State of Maryland, both of which indicate that Jones intends to keep the State of Maryland as her home. *See Henning v. Day*, No.

3

615CV927ORL40DAB, 2016 U.S. Dist. LEXIS 35364, 2016 WL 1068482, at *10 (M.D. Fla. Mar. 18, 2016) (citations omitted) (identifying, among other factors, "the place where the individual last lived prior to becoming homeless" and "where the individual receives important mail" when assessing the domicile of a homeless individual).

11.     Pursuant to 28 U.S.C. § 1332(c)(1), Westmount is a citizen of the State of California because it is incorporated in California and its principal place of business is located at 2049 Century Park East, Suite 2500 Los Angeles, CA 90067.  *See* Exhibit 6.

12.     Therefore, there is complete diversity among the parties.

13.     The amount in controversy requirement is satisfied, as Jones has pled damages that exceed the $75,000 requirement set forth in 28 U.S.C. § 1332(a)(1).  In fact, Jones has claimed $550,000 in damages.  *See* Exhibit 7.

14.     Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

## Preservation of Rights and Defenses

15.     Westmount reserves all of its rights and defenses, including, but not limited to, defenses and objections based on lack of personal jurisdiction and venue, as well as the right to move for dismissal of the Complaint.  The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.  Because Westmount intends to assert a defense based on lack of personal jurisdiction, counsel is appearing on Westmount's behalf only by way of special appearance.

16.     Westmount also reserves the right to amend or supplement this Notice of Removal.

4

WHEREFORE, Defendant Westmount Asset Management, Inc., respectfully gives notice that the above-captioned civil action pending in the Circuit Court for Montgomery County, Maryland is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  August 8, 2024                         Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Westmount Asset Management, Inc.*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2024, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's CM/ECF system and copies of the same were served upon all parties, first-class mail, postage prepaid on the following

       Toni Jones
       11235 Oak Leaf Drive
       Apt. B1920
       Silver Spring, Maryland 20901

                        */s/ Stephen B. Stern*
                        Stephen B. Stern