IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONI JONES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 8:24-cv-02296-PX |
| WESTMOUNT ASSET MANAGEMENT, INC., | * |
| | * |
| Defendant. | * |
| | *** |

## MEMORANDUM OPINION

Pending before the Court is Defendant Westmount Asset Management, Inc. ("Westmount")'s Motion to Dismiss for lack of personal jurisdiction. ECF No. 6. *Pro se* Plaintiff, Toni Jones ("Jones"), failed to file any opposition and the time for doing so has passed. *See* D. Md. Loc. R. 105.2. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons stated below, the Complaint is dismissed because this Court lacks personal jurisdiction over Westmount.

**I.     Background**

Jones resides in Silver Spring Maryland and is a supply chain and event management professional with experience in procurement. ECF No. 2 & 2-2 at 4. On February 15, 2023, Jones accepted a position with Westmount as an Institutional Procurement Manager. *Id.* at 103. Westmount, which is based in Los Angeles, California, made clear that the terms of the employment agreement were governed by "the laws of the state of California." *Id.* at 1, 103–104.

From February 20, 2023, to February 19, 2024, Jones worked for Westmount but from somewhere in Maryland. ECF No. 2-2 at 19 (noting the work "was completed" in Maryland).

Jones contends that Westmount failed to pay her $193,290.60 in wages. *Id.* at 19, 98, 104, and 106. Jones reported Westmount's refusal to pay her to the Securities and Exchange Commission, Federal Bureau of Investigation, and Drug Enforcement Agency, "all of which did *not* confirm fraud." *Id.* at 41 (emphasis added). Jones next initiated an "unpaid wages" claim with the Maryland Department of Labor ("MDL") and also sought unemployment benefits. *Id.* at 26–31.

As part of the MDL investigation, Westmount communicated that "[w]e have never been in contact with the claimant and all the evidence she submitted is not from our company. The email addresses she corresponded with are not our emails nor our domain. We are a California based employer and we only employee California residents." ECF No. 2-2 at 46. MDL, in turn, informed Jones that it was unable to substantiate her claim for payment of any wages from Westmount. *Id.* at 35.

Jones next filed suit in this Court, alleging that Westmount committed common law fraud, breach of contract, negligence, and defamation. ECF No. 2. She demands $550,000 to compensate for eviction proceeding costs and loss of housing, loss of proper medical care, ongoing debts to her daughter's daycare, and damage to her business reputation. *Id*.

## II.    Analysis

Westmount singularly contends that the Complaint must be dismissed because this Court lacks personal jurisdiction over it. ECF No. 6-1 at 2. The Court cannot hear claims against a defendant for which personal jurisdiction is lacking. *See Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 811 (D. Md. 2010) (citing *Combs v. Bakker*, 886 F. 2d 673, 676 (4th Cir. 1989)). At the pleading stage, the plaintiff need only make a prima facie showing of personal jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). To ascertain whether personal jurisdiction exists, the Court views the Complaint facts as

true and most favorably to the Plaintiff.  *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (quoting *Combs*, 886 F.2d at 676).

The Court may exercise personal jurisdiction over any defendant who is "at home" in the forum state or otherwise "in the manner provided by state law" pursuant to the forum state's long arm statute.  *Carefirst of Md., Inc.*, 334 F.3d at 396 (citing Fed. R. Civ. P. 4(k)(1)(A)); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  The former is termed "general jurisdiction" while the latter is "specific jurisdiction."

As for general jurisdiction, the Complaint specifically avers that Westmount is located in California.  ECF No. 2 at 1.  Nothing in the Complaint reflects that Westmount has any ties to Maryland.  No facts make plausible, for example, that Westmount conducts any business in this jurisdiction.  Accordingly, the Court cannot conclude that Defendant is "at home" in this state.  Thus, the Court lacks general personal jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011); *Midtown Pers., Inc. v. Dave*, No. PWG-13-3493, 2014 WL 3672896, at *5 (D. Md. July 22, 2014).

As for specific jurisdiction, the forum state's long-arm statute and due process requirements inherent in the Fourteenth Amendment of the United States Constitution control.  *Christian Sci. Bd. of Dir. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).  Maryland's long-arm statute is co-extensive with federal due process limits and so the two prongs may be analyzed together.  *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006).

According to Maryland's long-arm statute, the Court may exercise personal jurisdiction over a defendant who,

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the State;

>	(3) Causes tortious injury in the State by an act or omission in the State;
>	(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>	(5) Has an interest in, uses, or possesses real property in the State;
>	(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code, Cts. & Jud. Proc. § 6-103.

When viewing the Complaint most favorably to Jones, nothing supports the exercise of specific personal jurisdiction over Westmount. As best the Court can tell, the sum total of Westmount's contacts with the forum amounted to permitting Jones to work in Maryland. ECF No. 2-2 at 1, 104-105. The Parties' employment agreement itself, which was "governed by the laws of the state of California," is utterly silent on what work Jones performed in Maryland or whether the product of her work somehow conferred on Westmount any specific benefit in Maryland. ECF No 2-2 at 1, 104–05. Nor do the Complaint attachments shed any light on what, if any, contacts Westmount had with the forum state. Merely permitting an employee to perform work remotely does not alone confer specific personal jurisdiction on the employer under Maryland's long arm statute. *Cf. Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 652 (E.D.N.C. 2018) (remote work performed in North Carolina did not confer personal jurisdiction over Maryland based corporation); *Hubbard v. Eitan Grp. N. Am.*, 669 F. Supp. 3d 538, 549 (E.D.N.C. 2023) (remote work in forum state alone insufficient to confer personal jurisdiction). *See also New Venture Holdings, L.L.C. v. DeVito Verdi, Inc.*, 376 F. Supp. 683, 694 (E.D. Va. 2019) ("the plaintiff cannot be the only link between the defendant and the forum. Rather it is the defendant's conduct that must form the necessary connection with the forum [s]tate.") (quoting *Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015). Accordingly, when

construing the Complaint facts most favorably to Jones, she has failed to make any showing that this Court retains personal jurisdiction over Westmount. Thus, the Court must dismiss the Complaint without prejudice. *See Progressive Minerals LLC v. Rashid*, 2008 WL 4416408, at *6 (N.D.W. Va. Sept. 24, 2008) (dismissal for lack of personal jurisdiction must be without prejudice) (citing 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §4436, at 168–170 (2d ed. 1990)).

### III.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for lack of personal jurisdiction is granted and Plaintiff's Complaint is dismissed without prejudice. A separate Order follows.

Date: October 16, 2024                             /x/
                                          Paula Xinis
                                          United States District Judge